## IN THE FEDERAL COURT OF THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHELCEE K. CURTIS,** ) | |
|       **Plaintiff,** ) | |
| vs. ) | **Case No.:** CIV-17-1162-M |
| ) | |
| **DIXIE ELECTRIC, LLC,** ) | Jury Trial Demanded |
|       **Defendant** ) | Attorney Lien Claimed |

### COMPLAINT

COMES NOW the Plaintiff, Chelcee K. Curtis, and for her causes of action hereby alleges and states as follows:

1. Plaintiff is an individual who is a citizen of Oklahoma City, Oklahoma, located in Oklahoma County, State of Oklahoma, within the boundaries of the United States Western Federal District of the State of Oklahoma.

2. Defendant, Dixie Electric, LLC ("Dixie"), is a foreign limited liability corporation registered with the Secretary of State of the State of Oklahoma and having operations within the State of Oklahoma.

3. Defendant Dixie is a covered employer with fifteen or more employees under Title VII of the Civil Rights Act of 1964.

4. The acts of the Defendant alleged herein and giving rise to this action all occurred in Oklahoma County, State of Oklahoma.

### JURISDICTION AND VENUE

5. Jurisdiction in this court is appropriate pursuant to 28 U.S.C. §1331, as Plaintiff's claims involve matters or issues under federal law. Supplemental

jurisdiction over Plaintiff's state law claims is appropriate pursuant to 28 U.S.C. §1367.

6. Venue is appropriate in this court pursuant to 28 U.S.C. §1391, as the Defendant conducts business and operations, and may be located and served within the boundaries of the Western District Federal Court of Oklahoma, and the substantial part of the events and/or omissions giving rise to this action occurred in the Western District of Oklahoma.

## ALLEGATIONS OF FACT

7. Plaintiff was employed for Defendant Dixie from on or about May 7, 2016, until her separation from employment on or about February 9, 2017.

8. At the time Plaintiff became employed for Defendant Dixie, her supervisor was James Jarwin ("Jarwin"), the Regional Sales Manager in charge of the Defendant's Oklahoma City office.

9. During Plaintiff's employment, at the time when Jarwin was Regional Sales Manager, another employee, Raymond Newport ("Newport") was the Senior Project Manager.

10. On or about September 23, 2016, Plaintiff attended a funeral and had dressed accordingly.

11. Newport observed Plaintiff dressed for the funeral, and began commenting about her clothes, which continued throughout Plaintiff's remaining employment.

12. In approximately December, 2016, Newport began the process of replaced Jarwin as Plaintiff's supervisor, transitioning into the position of Branch Manager.

13. Upon becoming Plaintiff's supervisor, Raymond Newport would engage Plaintiff in daily conversations in which he belittled and demeaned her on a regular, consistent, and ongoing basis.

14. At various times throughout his supervision of Plaintiff, on a near daily basis, Newport subjected Plaintiff to unwanted comments on her body, her appearance, and other forms of harassment on the basis of her sex, female.

15. Newport told Plaintiff, "I'm going to have to change the dress code just for you so you have to dress up."

16. In addition, Newport told Plaintiff that he was going to make it mandatory that Plaintiff wear an outfit from the restaurant chain Hooters, which is known for hiring young women wearing revealing work attire, on Fridays.

17. From October 2016 until Plaintiff's separation from employment, Raymond Newport told Plaintiff that "since [she was] the only woman in the office, it was [her] responsibility to clean the office, wash the dishes, and run [Newport's] personal errands."

18. Plaintiff repeatedly asked Newport to stop his discriminatory and sexually hostile behavior, and he refused to do so.

19. On or about December 7, 2017, Plaintiff contacted Olivia Garcia, in the Defendant's Human Resources department, and David Czarnecki, the

Defendant's Chief Operating Officer, and complained to them about unwanted and unwelcome sexual harassment and gender discrimination by Newport.

20. Defendant took no corrective action against Newport, and took no action to stop subjecting Plaintiff to a sexually hostile work environment and/or gender discrimination.

21. On January 25, 2017, Plaintiff again complained to Garcia and Czarnecki about Newport's continued and increasingly hostile behavior toward Plaintiff.

22. Following her complaints, Newport's harassment and treatment of Plaintiff became worse, increased in frequency, and she was given additional work responsibilities.

23. Following her complaint, Newport referred to Plaintiff as a "bitch" and/or Newport's "office bitch," in the workplace, and told her there was nothing that could be done to help her because he was her boss and she had to do what he told her to and that the people in the corporate office could not tell him what to do.

24. Because Newport's behavior became increasingly hostile and Defendant took no action to prevent Plaintiff being subject to severe and pervasive sexual harassment and sex/gender discrimination, Plaintiff was constructively discharged on February 9, 2017.

25. On April 17, 2017, Plaintiff filed a Charge of Discrimination alleging sex discrimination, sexual harassment, and retaliation with the Oklahoma Attorney General's Office of Civil Rights Enforcement and/or the EEOC.

26. On August 3, 2017, Plaintiff received a Right to Sue Letter from the Equal Employment Opportunity Commission.

27. Plaintiff has exhausted her administrative remedies with the EEOC.

28. This action is filed timely and within ninety (90) days of receipt of the Plaintiff's Right to Sue Letter, and her claims are properly before this Court.

## CAUSES OF ACTION

### I. TITLE VII- SEX DISCRIMINATION

29. The Plaintiff adopts and incorporates paragraphs 1-28, above, as if fully set forth herein, and further states the following:

30. This cause of action is presented by Plaintiff against Defendant, Dixie Electric, LLC.

31. The acts of the Defendants in constructively discharging Plaintiff and subjecting her to unequal terms and conditions of employment than male employees constitutes intentional discrimination on the basis of sex under Title VII of the Civil Rights Act of 1964.

32. As a result of acts the Defendants, Plaintiff is entitled to recover damages, including lost wages, back pay and front pay, as well as compensatory and punitive damages, together with her reasonable costs and attorney fees associated with the cost of this action and Plaintiff demands the same herein.

## II. TITLE VII- SEXUALLY HOSTILE WORK ENVIRIONMENT

33. The Plaintiff adopts and incorporates paragraphs 1-32, above, as if fully set forth herein, and further states the following:

34. This cause of action is presented by Plaintiff against Defendant Dixie Electric, LLC.

35. The actions described above were severe or pervasive and subjected Plaintiff to a sexually Hostile Work Environment in violation of Title VII of the Civil Rights Act of 1964.

36. As a result of the acts of the Defendant, Plaintiff is entitled to recover compensatory damages, including emotional distress and punitive damages.

37. As the hostile work environment resulted in a tangible adverse employment action against the Plaintiff, she is further entitled to recover actual damages in the form of back pay and front pay.

38. Plaintiff is further entitled to recover her reasonable costs and attorney fees associated with the cost of this action, and Plaintiff demands the same herein, together with the damages identified above.

## III. TITLE VII - RETALIATION

39. The Plaintiff adopts and incorporates paragraphs 1-38, above, as if fully set forth herein, and further states the following:

40. This cause of action is presented by Plaintiff against the Defendant Dixie Electric, LLC.

41. The actions of the Defendant in constructively terminating Plaintiff's employment was in retaliation for, and motivated by, Plaintiff's assertion of her rights to be free of a sexually hostile work environment and therefore in violation of Title VII of the Civil Rights Act of 1964.

42. As result of the acts of the Defendant, Plaintiff is entitled to recover damages, including lost wages, back pay and front pay, as well as compensatory and punitive damages, together with her reasonable costs and attorney fees associated with the cost of this action, and Plaintiff demands the same herein.

## IV. OKLAHOMA ANTI-DISCRIMINATION ACT- 25 O.S. §1101, et seq.

43. The Plaintiff adopts and incorporates paragraphs 1-42, above, as if fully set forth herein, and further states the following:

44. This cause of action is presented by Plaintiff against Defendant Dixie Electric, LLC.

45. The actions of the Defendant in constructively discharging the Plaintiff from her employment and treating her differently than similarly situated male employees was a violation of Plaintiffs rights under Oklahoma Anti-Discrimination Act, 25 O.S. §1101. et seq., which prohibits discrimination in employment with respect to the terms, conditions, privileges, or responsibilities of employment because of a person's ex.

46. As a direct and proximate result of the unlawful actions of the Defendant, the Plaintiff is entitled to recover damages including back pay and liquidated damages, together with a reasonable attorney's fee.

WHEREFORE, premises considered and for the reasons set forth herein, Plaintiff respectfully prays the Court award Plaintiff her actual damages, lost wages, back pay and front pay, compensatory damages, liquidated damages, and punitive damages, each as described and demanded above, together with any further legal and/or equitable relief the Court determines to be appropriate under the laws of the United States and the State of Oklahoma, in addition to pre-judgement and post-judgement interest, as well as Plaintiff's costs and reasonable attorneys' fees.

**RESPECTFULLY SUBMITTED THIS 27TH DAY OF OCTOBER 2017.**

Respectfully Submitted

Dustin J. Hopson, OBA #19485
101 Park Ave., Suite 600
Oklahoma City, Oklahoma 73102
(405) 232-2528 Telephone
(405) 232-2532 Facsimile
E-Mail: dustin@blaulawfirm.com
ATTORNEY FOR PLAINTIFF